## Antoine Lacour v. Camille L. Landry.

A party sued as the maker of a promissory note, cannot plead in compensation law costs paid by him in suits, not yet decided, commenced against persons disturbing him in the possession of land sold to him by the plaietiff, and for which the latter may be ultimately responsible under his warranty as vendor. The costs are not yet due. C. C. 2495.

Appeal from the District Court of Iberville, *Nicholls*, J.

*Labauve*, for the plaintiff.

*Edwards*, for the appellant.

Morphy, J. The defendant, being sued as the maker of a promissory note in favor of the plaintiff, pleaded in compensa-

---

tion and reconvention divers payments made by him for account of the latter, and, among others, certain sheriff's and clerk's costs, paid in suits prosecuted against persons who were disturbing him in the possession of a tract of land sold to him by Lacour, in West Baton Rouge. The judge below allowed the defendant a deduction for some of the payments proved, but dismissed his claim for the costs paid as in case of nonsuit, and gave judgment for the balance due. We do not think that the judge erred. The suits in which these costs were paid, were brought by the defendant himself pursuant to article 2495 of the Civil Code, which provides that, " when the purchaser is himself obliged to commence judicial proceedings against a person disturbing his possession, he ought to notify his vendor of the action which he is commencing ; and the vendor, whether he undertakes to conduct the suit for him, or not, is obliged to indemnify him fully, in case of condemnation." The record does not show if, or how, these suits have been decided; and we had before us last year (February, 1844,) an injunction suit between the same parties, from which it appears that Landry availed himself of the pendency of these very suits to suspend the payment of the price of the land which was claimed of him by Lacour. The claim then which the defendant may ultimately have against the plaintiff, as his warrantor, for the reimbursement of these costs, in case he be cast in these suits, was properly rejected, as not yet due.

*Judgment affirmed.*